UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPASS AUTOMOTIVE GROUP, LLC,

      Plaintiff,

      v.                                     Case No. 12-10919
                                               Hon. Lawrence P. Zatkoff

DENSO MANUFACTURING TENNESSEE, INC.,

      Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on  February 22, 2013.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, to Transfer to the United States District Court for the Eastern District of Tennessee [dkt 8].  The parties have fully briefed the Motion.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process will not be aided by oral argument.  Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted, without the Court entertaining oral argument.  For the reasons that follow, Defendant's Motion is DENIED.

**II.  BACKGROUND**

**A. FACTUAL BACKGROUND**

This is a breach of contract action in which Plaintiff Compass Automotive Group, LLC ("Compass") alleges that Defendant Denso Manufacturing Tennessee, Inc. ("Denso") failed to pay

amounts due to Compass under an agreement ("Agreement") between the parties for the manufacture and sale of certain cast dies and fixtures ("Tooling").  Compass is a Delaware limited liability company, with its principal office in Farmington Hills, Michigan and other facilities located in Michigan.  Denso is a Tennessee corporation, with its principal office in Maryville, Tennessee.

Denso sent Compass a document titled "Request for Quotation" ("RFQ").  According to Denso, the RFQ contained Denso's Terms and Conditions, which included a provision requiring disputes to be brought in the State of Tennessee ("forum selection clause").  Further, the RFQ notes on its face that it was an "Inquiry Only" and that it was "Not an Order."  The RFQ also notes that "THE TERMS AND CONDITIONS ON THE REVERSE SIDE OF THIS INQUIRY WILL BE INCLUDED IN ANY PURCHASE ORDER AWARDED AGAINST THIS INQUIRY."  According to Compass, and not rebutted by Denso, the reverse side of the RFQ did not contain terms and conditions.

In response to Denso's request, Compass issued a proposal to Denso for the manufacture of the Tooling to be utilized in the casting and machining of a particular automotive part (the "Proposal").  The Proposal references the RFQ by its number.  In the Proposal, Compass included a number of terms and conditions on the face of the Proposal, including a description of the Tooling, price, engineering, feasibility, delivery, and payment terms and conditions.  Notably, however, the Proposal did not contain any forum selection provision.

On May 26, 2011, in connection with the Proposal, Denso issued Purchase Order 545576-A ("P.O. 576-A"), totaling $719,138, to Compass for the Tooling.  Denso later issued supplemental Purchase Order 5500991-A ("P.O. 991-A") to Denso for the manufacture of two additional fixtures to be utilized in the machining of the castings made from the dies (P.O. 576-A and 991-A collectively referred to as "the Orders"). The Orders made reference to Denso's Terms and Conditions, stating that "THIS PURCHASE ORDER IS SUBJECT TO [DENSO'S] TERMS AND CONDITIONS OF PURCHASE. FOR A COPY CONTACT THE BUYER FOR THIS ORDER."

At some point, a dispute arose between the parties regarding a "capability study" that Compass was to submit to Denso.[1]   The purpose of the capability study is to show that the part design is capable of repeated manufacture.  Compass prepared the capability study for Denso. The capability study revealed that Denso's design contained tolerances that could not be met on a statistically acceptable basis in manufacturing.

According to Compass, it proposed solutions to Denso's design defects, including deviations or dimensional waivers to part tolerances, but Denso refused to address its design defects.  Denso also refused to make further payments to Compass for the completed Tooling.  Compass alleges that these refusals constitute a breach of the Agreement.

**B. PROCEDURAL BACKGROUND**

On February 29, 2012, Compass filed this lawsuit against Denso seeking, among other things, to recover in excess of $519,211 still purportedly owed to Compass under the Agreement.

Denso filed the instant Motion seeking to dismiss this case for improper venue, or in the alternative, to transfer the case to the Eastern District of Tennessee.  Denso claims that the parties' Agreement incorporates the forum selection clause found in Denso's Terms and Conditions, thereby requiring Compass to file suit in the State of Tennessee.

### III. LEGAL STANDARD

A valid forum selection clause in a contract provides sufficient grounds to dismiss a complaint under Rule 12(b)(6).  *Langley v. Prudential Mortgage Capital Co.*, 546 F.3d 365, 369 (6th Cir. 2008) (concurring opinion of J. Moore) ("When a party seeks to enforce a forum-selection clause through a properly brought motion to dismiss, the district court may enforce the forum-selection clause through dismissal.").  A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a party's

---

[1] According to Compass, a "capability study" is a statistical analysis of quantitative measurement data utilized to determine whether a design is capable of being manufactured on a statistically acceptable basis.

claims.  The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor.  *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992).  While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice."  2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

## IV. ANALYSIS

### A. MOTION TO DISMISS

According to Denso, the Terms and Conditions it purportedly sent to Compass with the RFQ are part of the parties' Agreement and control the Orders on which this suit is based.  Denso argues that the Court should dismiss this lawsuit because the Terms and Conditions contain the forum selection clause that requires the parties to litigate their disputes in Tennessee.  Denso argues that the Orders it placed constituted the "offer" and that Compass's "response"—in which a Compass employee congratulated a Denso employee on the deal—was the acceptance through which Compass accepted Denso's Terms and Conditions.

Compass claims that the forum selection clause was not binding because Denso's Terms and Conditions were not incorporated into the parties' Agreement.  According to Compass, its Proposal— which made no mention of Denso's Terms and Conditions—was the "offer" and Denso's Orders were the "acceptance."

4

Accordingly, the Court begins with an analysis of when and to what extent the parties' exchange of forms evolved into the Agreement.  To determine whether a contract has been formed, the Court must determine which form constituted the "offer" and which form constituted the "acceptance."  In such circumstances, the language employed by the parties will not always be determinative and Courts must often look beyond the words employed in favor of a test which examines the totality of the circumstances. *Challenge Mach. Co. v. Mattison Mach. Works*, 138 Mich. App. 15, 21 (1984) (citing *Mead Corp. v. McNally-Pittsburg Mfg. Corp.*, 654 F.2d 1197 (6th Cir. 1981)).

In this case, the parties' negotiations began when Denso submitted the RFQ, seeking price quotes from Compass.  This, of course, was not an offer, but an "invitation to deal," as indicated on the face of the RFQ ("Inquiry Only[,] This Is Not An Order").  In response, Compass submitted its Proposal which referred to the RFQ by number.  The Proposal thus constituted the "offer" in this case, as Compass responded to Denso's invitation to deal with a price quote.

The Proposal was "accepted" when Denso, in response to the Proposal, submitted its Orders.  The Orders served as a "definite and seasonable expression of acceptance or a written confirmation . . . sent within a reasonable time."   Mich. Comp. Laws § 400.2207(1).  As such, the Court finds that the Agreement was formed when Denso submitted its Orders and thereby accepted Compass's proposal.  *See Challenge Mach. Co. v. Mattison Mach. Works*, 138 Mich. App. 15, 359 N.W.2d 232 (1984) (quotation is the offer and the purchase order is the acceptance); *Plastech Engineered Prods. v. Grand Haven Plastics, Inc.*, 2005 WL 736519, *4 (Mich. App. Mar. 31, 2005) (the quotation is the offer and the purchase order the acceptance).

The Court turns next to the parties' disagreement over whether the forum selection clause was included in the Agreement.   The forum selection clause is found in Denso's Terms and Conditions.  The Terms and Conditions were purportedly included in Denso's RFQ, but were not included in the terms listed in Compass's offer.  Denso's acceptance did, however, include a "boilerplate" provision stating that

the Orders were "SUBJECT TO [DENSO'S] TERMS AND CONDITIONS OF PURCHASE.  FOR A

COPY CONTACT THE BUYER FOR THIS ORDER."   As a result, the acceptance in this case

contained terms "additional to or different from those offered,"   Mich. Comp. Laws § 400.2207(1),

thereby requiring a UCC "battle of the forms" analysis.

  Under the UCC and Michigan law:

> (1) A definite and seasonable expression of acceptance or a written
> confirmation which is sent within a reasonable time operates as an
> acceptance even though it states terms additional to or different from
> those offered or agreed upon, unless acceptance is expressly made
> conditional on assent to the additional or different terms.
>
> (2) The additional terms are to be construed as proposals for addition to
> the contract. Between merchants such terms become part of the contract
> unless:
>
>> ***
>> (b) they materially alter it[.]

Mich. Comp. Laws § 400.2207.  Thus, the additional terms contained in the acceptance do not become

part of the contract if they materially alter it.  Denso's boilerplate provision—which incorporates the

forum selection clause by reference—constitutes a material alteration to the parties' Agreement.  Courts

have confirmed that, under a battle of the forms analysis, a forum selection clause is not part of the

parties' contract because it materially alters the contract.  *Metropolitan Alloys Corp. v. State Metals

Indus., Inc.*, 416 F. Supp. 2d 561, 567 (E.D. Mich. 2006) (applying the *Erie* doctrine and finding that, "if

faced with the issue, the Michigan Supreme Court would rule that a unilateral addition of a forum

selection clause to a contract governed by the UCC is a material alteration of the contract that does not

become a part of the contract by operation of M.C.L. 440.2207(2)(b).")

  In *Metropolitan Alloys*, the court found that merely accepting delivery and reading the language

of a forum selection clause included on the back of a sales contract did not bind the plaintiff to the forum

selection provision.  *Id.*  The facts in this case are even less amenable to a finding that Compass was

bound by the forum selection clause.  The forum selection clause was never expressly included in the acceptance.  Rather, unlike being listed on the back of a sales contract such as in *Metropolitan Alloys*, the forum selection clause in this case was more attenuated due to the fact that the clause was not expressly contained anywhere in Denso's Orders.  Instead, the Orders contained a boilerplate reference to Denso's Terms and Conditions.   By submitting the Orders to Compass, Denso was attempting to bind Compass to terms and conditions that it had not previously agreed upon.  Although Denso's acceptance purports to incorporate Denso's Terms and Conditions, Compass's Offer did not include these additional terms— notwithstanding the fact the RFQ made some reference to them.  The RFQ, as discussed above however, was an invitation to deal, and had no bearing on the parties' ultimate agreement.  Accordingly, the forum selection clause in this case materially altered the parties' agreement and is not binding upon them under Mich. Comp. Laws § 440.2207(2)(b).

**B. MOTION TO TRANSFER**

In the alternative, Denso seeks to transfer this case to the Eastern District of Tennessee pursuant to 28 U.S.C. § 1404(a).  According to § 1404(a): "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "[A] district court 'has broad discretion to grant or deny [a] motion to transfer a case.'"  *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (quoting *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)).  The Court must give deference to the plaintiff's choice of forum, which is not disturbed "unless the balance is strongly in favor of the defendant."  *Stewart v. Dow Chem. Co.*, 865 F.2d 103, 106 (6th Cir. 1989) (citing *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508–09 (1947)).  The moving party bears the burden of showing, by a preponderance of the evidence that a change of venue is warranted. *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003).

To determine whether a motion to transfer venue pursuant to § 1404(a) should be granted, the Court weighs the following factors: (1) the convenience of the parties; (2) the convenience of the

witnesses; (3) accessibility to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the costs of obtaining willing witnesses; (6) the practical problems of trying the case most expeditiously and inexpensively; and (7) the interests of justice. *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994); *see Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137(6th Cir. 1991) (considering the "private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns" when ruling on a motion to transfer under § 1404(a)).

Affording the appropriate deference to Compass's choice of forum, the Court finds no reason to transfer this case to the Eastern District of Tennessee. First, a substantial part of the events or omissions giving rise to the claim occurred in Michigan. Compass employees, located in Michigan, engaged in the negotiations with Denso regarding the parties' agreement and engaged in discussions with Denso regarding the purported design defects. Compass employees sent written and electronic communications from Michigan to Denso. The Tooling at issue is located in Compass's facility in Michigan.

Second, as Denso argues, the convenience of the witnesses and costs of securing testimony from witnesses in effect cancel each other out. Denso also concedes that the "accessibility of sources of proof" factor is largely irrelevant due to electronic data technologies. The Court notes, however, that inconvenience seemingly equal to both parties does not give rise to transfer, *See Raymond E. Danto & Associates, Inc.*, *supra*; *see also Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). This is especially true when considering the deference the Court affords to Plaintiff's choice of forum.

Third, the State of Michigan has an interest in resolving, within its borders, a dispute involving a corporation headquartered in Michigan. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947) ("There is a local interest in having localized controversies decided at home.").

For these reasons, and in the interests of justice, the Court finds that Defendant's assertions do not establish by a preponderance of evidence that Defendant's interests substantially outweigh Plaintiff's

8

choice of forum.  The Court, giving appropriate deference to Plaintiff's choice of forum, therefore denies

Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

## V.  CONCLUSION

Accordingly, it is HEREBY ORDERED that Defendant's Motion to Dismiss or, in the

Alternative, to Transfer to the United States District Court for the Eastern District of Tennessee [dkt 8] is

DENIED.

IT IS SO ORDERED.

Date:  February 22, 2013

<u>s/Lawrence P. Zatkoff</u>
LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE